[Cite as *State v. McCune*, 2017-Ohio-4426.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, P.J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | Hon. Earle E. Wise Jr., J. |
| | : | |
| CHARLES MCCUNE | : | Case No. 16 CAC 12 0058 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:  Appeal from the Delaware County
Municipal Court, Case
No. 16-CRB-01410

JUDGMENT:  Affirmed

DATE OF JUDGMENT:  June 20, 2017

APPEARANCES:

For Plaintiff-Appellee

DAVID C. MOSER
70 North Union Street
Delaware, OH 43015

For Defendant-Appellant

DAVID H. BIRCH
286 South Liberty Street
Powell, OH 43065

*Wise, Earle, J.*

{¶ 1} Defendant-Appellant Charles McCune appeals the November 16, 2016 judgment of conviction and sentence of the Delaware Municipal Court. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2} On May 23, 2016, several officers of the Delaware Police Department responded to a call of a man exposing himself at an Arby's restaurant on South Sandusky Street. Upon investigation, appellant was identified as the suspect. He was taken into custody and transported the Delaware police department where he was interviewed by Officer Nick Barth. The twenty minute interview was conducted in a large booking area, and was captured on video.

{¶ 3} Barth began the interview by reading appellant his *Miranda* rights from a standardized departmental rights and waiver form. Appellant stated he understood what Barth read. Appellant then asked how he would get an attorney if he could not afford one. Barth told appellant the court could help him obtain an attorney, and if that is what he wanted to do, he needed to stop talking. Appellant continued to speak with Barth.

{¶ 4}. Appellant advised he graduated high school, and confirmed that he understood English, both written and spoken. Barth provided appellant with the rights and wavier form and appellant signed the document.

{¶ 5} Barth advised appellant of the evidence officers had gathered, including video surveillance from the restaurant and what they believed was semen from the booth where appellant had been seated. He then asked appellant if he was ready to tell him what happened in the restaurant. Appellant asked Barth if he should wait until he had counsel

before answering any more questions. Barth advised that was a decision appellant had to make on his own. Appellant then asked about the potential charges and if he could go to jail. As soon as Barth answered appellant's questions, appellant stated "I did it." Thereafter, appellant provided Barth with a written statement admitting to masturbating while in the Arby's restaurant.

{¶ 6} On May 24, 2016, a complaint was filed in the Delaware Municipal Court charging appellant with one count of public indecency in violation of R.C. 2907. 09(B)(1). Appellant thereafter filed a motion to suppress his statement to Barth. On September 6, 2016, a hearing was held on the matter. By judgment entry on October 10, 2016, the trial court overruled appellant's motion to suppress.

{¶ 7} On November 16, 2016, appellant entered a plea of no contest. The trial court convicted appellant, found him guilty and sentenced him to 30 days in the Delaware County jail.

{¶ 8} Appellant filed an appeal and this matter is now before this court for consideration.

I

{¶ 9} THE TRIAL COURT ERRED BY FINDING THAT APPELLANT'S STATEMENTS DID NOT CONSTITUTE A DEMAND FOR AND ATTORNEY AND THUS OVERRULING HIS MOTION TO SUPPRESS.

{¶ 10} In his sole assignment of error, appellant argues the trial court erred when it denied his motion to suppress. We disagree.

{¶ 11} As recently stated by the Supreme Court of Ohio in *State v. Leak,* 145 Ohio St.3d 165, 2016-Ohio-154, 47 N.E.3d 821, ¶ 12:

"Appellate review of a motion to suppress presents a mixed question of law and fact." *State v. Burnside,* 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. In ruling on a motion to suppress, "the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.,* citing *State v. Mills,* 62 Ohio St.3d 357, 366, 582 N.E.2d 972 (1992). On appeal, we "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id.,* citing *State v. Fanning,* 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Accepting those facts as true, we must then "independently determine as a matter of law, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*

{¶ 11} On appeal, there are three methods of challenging a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. *State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Guysinger*, 86 Ohio App.3d 592, 621 N.E.2d 726 (1993). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *State v. Williams*, 86 Ohio App.3d 37, 619 N.E.2d 1141 (1993). Finally, assuming the trial court's findings of fact are not against the manifest

weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry*, 95 Ohio App.3d 93, 641 N.E.2d 1172 (1994); *State v. Claytor*, 85 Ohio App.3d 623, 620 N.E.2d 906 (1993); *Guysinger.* As the United States Supreme Court held in *Ornelas v. U.S.* (1996), 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911, "... as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."

{¶ 12} In this matter, appellant claims that he made an unequivocal demand for an attorney during his interview with Barth and thus all questioning should have stopped. Because questioning continued, appellant argues his confession was obtained in violation of his Sixth Amendment right to counsel and should have been suppressed.

{¶ 13} During a custodial interrogation, a suspect has the right to remain silent and the right to be represented by an attorney. *Miranda v. Arizona*, 384 U.S. 436, 469, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Although appellant does not raise any Fifth Amendment concern regarding self-incrimination, "A suspect's right to an attorney during questioning * * * is derivative of his [or her] right to remain silent * * * [,]" under the Fifth Amendment. *State v. Leach*, 102 Ohio St.3d 135, 807 N.E.2d 335, 2004-Ohio-2147, ¶ 13, quoting *Wainwright v. Greenfield*, 474 U.S. 284, 298–299, 106 S.Ct. 634, 88 L.Ed.2d 623 (1986) (Rehnquist, J., concurring). When subject to a custodial interrogation, a suspect must be informed of his rights to remain silent and to an attorney. *Miranda* at 469 ¶ 21.

Once a suspect in police custody invokes his Fifth Amendment right to counsel, police interviewers must cease the interrogation and may not further initiate the interview until the suspect's lawyer is present. *Edwards v. Arizona*, 451 U.S. 477, 484–485, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981).

{¶ 14} To determine whether a suspect has voluntarily waived his Miranda rights, we review the totality of the circumstances. *In re Taylor*, 4th Dist. No. 93CA005650, 1995 WL 134754 (March 29, 1995) at 2. "[T]he totality of the circumstances include[s] the age, mentality, and prior criminal experience of the accused; the length, intensity, and frequency of the interrogation; the existence of physical deprivation or mistreatment; the existence of threat or inducement." *State v. Shepherd*, 9th Dist. Summit No. 15777, 1993 WL 36093, (Feb. 17, 1993), quoting *State v. Edwards*, 49 Ohio St.2d 31, 358 N.E.2d 1051 (1976), paragraph two of the syllabus, vacated in part on other grounds 438 U.S. 911, 98 S.Ct. 3147, 57 L.Ed.2d 1155 (1978).

{¶ 14} The burden is upon the state to prove a knowing, intelligent, and voluntary waiver of *Miranda* by a preponderance of the evidence. *State v. Belton*, 149 Ohio St.3d 165, 2016-Ohio-1581, 74 N.E.3d 319, ¶ 107.

{¶ 15} To invoke the right to have an attorney present during interrogation, a suspect must unambiguously request counsel such that a reasonable officer in the circumstances could understand the statement to be a request for an attorney. *State v. Voss*, 12th Dist. No. CA2006-11-132, 2008-Ohio-3889 at ¶ 66, quoting *Davis v. United States*, 512 U.S. 452, 459, 101 S.Ct. 2350 (1994). However, if the statement is not clear that the person is requesting an attorney, then the officers are not required to stop questioning the suspect. *Id.* Statements such as "I think I need a lawyer," and "Well, can

I have a lawyer present?" have been found to be ambiguous requests for an attorney. *State v. Henness*, 79 Ohio St.3d 53, 63, 679 N.E.2d 686 (1997), State v. Foster, 11th Dist. No. 2000-T-0333, 2001-Ohio-8806.

{¶ 16} Based on the forgoing, we find no evidence of coercion by Officer Barth. We have reviewed the video of the interrogation. The interrogation lasted twenty minutes. Barth read appellant the *Miranda* warnings, and appellant indicated his understanding of the same. Barth answered appellant's questions about his rights and the possible charges he was facing. There is no evidence to indicate that appellant's will was overborne, that he was in any way coerced, or that he did not understand the consequences of his waiver. Appellant validly waived his *Miranda* rights.

{¶ 17}   We further find that appellant did not make an unambiguous and unequivocal request for an attorney. Appellant asked two questions regarding an attorney. First appellant asked "How do I go about getting an attorney when I can't afford one? T at 19, suppression hearing video at 3:20:43. Officer Barth answered appellant's question, and additionally advised that if appellant wished to obtain the services of an attorney, he needed to stop talking. Appellant continued talking to Officer Barth. A few minutes later, appellant asked "Should I wait to have counseling before I answer any more?" T at 20, suppression hearing video at 3:25:17. On neither occasion did appellant unambiguously state he wanted an attorney. Rather, he asked how to get an attorney and whether he should.

{¶ 18} The trial court did not err in denying appellant's motion to suppress.

{¶ 19} The assignment of error is denied. The judgment of the Delaware County

Municipal Court is hereby affirmed.

By Wise, Earle, J.

Delaney, P.J. and

Baldwin, J. concur.


EEW/sg 602